**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CHARLOTTE HAWKINS**                                                                   **PLAINTIFF**

**V.**                                                                             **NO. 4:21-CV-72-DMB-JMV**

**HOLLANDALE SCHOOL**
**DISTRICT, DR. MARIO WILLIS,**
**SUPERINTENDENT**                                                   **DEFENDANTS**

**ORDER**

      On April 29, 2022, with leave of the Court,[1] Charlotte Hawkins filed a "First Amended Complaint" against "Hollandale School District and Dr. Mario Willis, Superintendent," alleging Title VII sex discrimination and retaliation based on the defendants' alleged withdrawal of a job offer after Willis learned Hawkins had filed a discrimination charge. Doc. #48. Two weeks later, the defendants filed a motion to dismiss Hawkins' claims against Willis "if any" on the ground that "he is not individually liable under Title VII." Doc. #52 at PageID 299. Specifically, the defendants argue that Willis "is not the statutory employer under Title VII;" "[t]he Fifth Circuit has held consistently that there is no individual liability for employees under Title VII;" "an employee or supervisor faces liability solely in his official capacity;" and "[b]ecause an official-capacity suit against a supervisor or other individual is actually a suit against the employing corporation, … a plaintiff may not maintain a Title VII action against both an employer and its agent in an official capacity." Doc. #53 at 2, 3. Hawkins did not respond to the motion to dismiss.

      "A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th

---

[1] Doc. #44.

450, 459 (5th Cir. 2022). Hawkins abandoned any claims she had against Willis by failing to respond to the motion to dismiss. Regardless, the Fifth Circuit has held that "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003). Accordingly, the defendants' motion to dismiss [52] is **GRANTED**. To the extent the First Amended Complaint asserts Title VII claims against Willis, those claims are **DISMISSED with prejudice**.

  **SO ORDERED**, this 22nd day of August, 2022.

                /s/Debra M. Brown
                **UNITED STATES DISTRICT JUDGE**