**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHARLOTTE HAWKINS**                                                          **PLAINTIFF**

**V.**                                                          **NO. 4:21-CV-72-DMB-JMV**

**HOLLANDALE SCHOOL
DISTRICT, DR. MARIO WILLIS,
SUPERINTENDENT**                                                          **DEFENDANT**

**OPINION AND ORDER**

The Hollandale School District moves for summary judgment on Charlotte Hawkins' Title VII sex discrimination and retaliation claims. Because Hawkins failed to identify a similarly situated comparator as required to maintain her discrimination claim and also failed to show the requisite causal connection to support her retaliation claim, summary judgment will be granted.

**I
Relevant Procedural History**

On May 27, 2021, Charlotte Hawkins filed a pro se complaint against "Hollandale School District, Dr. Mario Willis, Superintendent," alleging employment discrimination on the basis of sex in violation of Title VII. Doc. #1. After obtaining leave to amend,[1] Hawkins, through counsel, filed an amended complaint on April 29, 2022. Doc. #48. The amended complaint alleges that an offer to Hawkins for an instructional coach position was rescinded after she filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the School District in February 2020,[2] and "seeks … relief … because of the unlawful sex discrimination, and retaliation [she]

---

[1] Doc. #44.

[2] The precise allegations are on pages 3–4 of the amended complaint:

> On or about February 11, 2020, Plaintiff was offered an instructional coach position, which is/was a demotion, for the following school year. On or about February 25, 2020, the plaintiff filed a

suffered." *Id.* at 1, 3–4.

On May 13, 2022, the defendants moved to dismiss Hawkins' claims, "if any," against Willis on grounds that "he is not individually liable under Title VII." Doc. #52. Hawkins did not respond to the motion.

Approximately two months later, on July 12, 2022, the defendants filed a motion for summary judgment. Doc. #57. The summary judgment motion is fully briefed. Docs. #58, #60, #62.

The same day they replied in support of their summary judgment motion, the defendants moved to strike "certain alleged statements" in Hawkins' response as "blatant hearsay." Doc. #61. Hawkins filed a response, Doc. #64, to which the School District replied, Doc. #65.

On August 22, 2022, the Court granted the defendants' motion to dismiss any claims against Willis because "Hawkins abandoned any claims she had against [him] by failing to respond to the motion to dismiss[, and r]egardless, the Fifth Circuit has held that relief under Title VII is available only against an employer, not an individual supervisor or fellow employee."[3] Doc. #63 at 2.

## II
## Motion to Strike

With respect to its motion for summary judgment, the School District moves to strike "certain alleged statements presented in … Hawkins' Memorandum in Opposition" which rely on the following excerpt from Hawkins' deposition testimony:

I received a call from Lisa Ross, and she stated that she received a call from the

---

discrimination charge against the Defendant, Hollandale School District. Plaintiff was notified that the job offer was rescinded, upon Defendant, Dr. Willis learning of the discrimination charge.

[3] The Court therefore does not address arguments regarding the claims against Willis presented in support of the summary judgment motion.

2

> school board attorney and that's the information that she was given, that [Willis] was very angry about me filing the charge and he was rescinding the offer, the job offer. That he wasn't going to give me a job because I filed the charges – the discrimination charge.

Doc. #61 at 1 (citing Doc. #57-1 at 12). The School District argues "[t]hese statements are blatant hearsay" and do "nothing to support [Hawkins'] claim as it is hearsay within hearsay." *Id.*

Citing Federal Rule of Evidence 801(d)(2)(D), Hawkins argues "the statement at issue was made by an agent of the … defendant," "concerned a matter within the scope of the employment relationship, between the plaintiff and defendant," and "was made while the declarant was employed by or the agent of the party, in this case the defendant." Doc. #64 at 1–2. The School District replies that this argument fails because "[t]he only person who is a [School] District 'agent' is the Superintendent" and

> even if [Kimberly Merchant, the School Board's attorney] would be considered an "agent" of the [School] District, the statement of … Merchant (really, a statement of the Superintendent) is offered through [Hawkins] herself in her own deposition where she relays a statement allegedly made by a District "agent" (the Superintendent), to the District's attorney (Ms. Merchant) who supposedly made the comment to … (a 3rd person, [Hawkins' former attorney] Lisa Ross) who then allegedly reiterated the statement to [Hawkins].

Doc. #65 at 1–2.

Hearsay is "an out-of-court statement offered to prove the truth of the matter asserted."[4] *United States v. Reed*, 908 F.3d 102, 119–20 (5th Cir. 2018). Federal Rule of Evidence 801(d)(2)(D) provides that a statement offered against an opposing party that was "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. Thus, consistent with Hawkins' argument, because Willis is an employee of the School District, his statement does not appear to be hearsay. However, as the School District

---

[4] Hawkins does not argue that Willis' statement is offered for a different purpose.

correctly indicates, Hawkins relies on her own deposition testimony regarding Ross' statement to her about Merchant's statement regarding Willis' statement. Even if the Court accepted that Merchant was the School District's agent such that her statement is not hearsay, Hawkins fails to offer any argument why Ross' statement to her is not hearsay or otherwise falls into an exception to the rule against hearsay. *See* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."); *Reed*, 908 F.3d at 120 & n.69 (party offering a statement bears the burden of proving a hearsay exception or exclusion). As such, the statement is properly stricken from the summary judgment record and will not be considered by the Court in deciding the summary judgment motion.

### III
### Summary Judgment Standard

A court shall enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (internal quotation marks omitted).

> All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in that party's favor. At the same time, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. A full trial on the merits is only warranted when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.

*Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (cleaned up).

4

**IV**
**Relevant Facts**

The School District hired Hawkins "on July 1, 2018, to serve as the Principal for Sanders Elementary School."  Doc. #57-6 at PageID 491.  "As a result [of Hawkins' failure to meet expectations], on November 1, 2019, [she] was removed as Principal of Sanders Elementary School and given a position in administration at the same rate of pay."  *Id.* at PageID 491–92.  Thus, during the 2019-2020 school year, Hawkins initially served as a principal and then as a high school curriculum coordinator.  Doc. #57-1 at 7.

On February 11, 2020, Hawkins met with the School District's superintendent, Willis, in his office and Willis verbally offered her a position as an academic coach.  *Id.* at 10–11.  Six days later, in response to a text message from Willis asking if she had made a decision, Hawkins asked for more information about the position.  *Id.* at 13; Doc. #57-2.

Hawkins filed an EEOC discrimination charge on February 25, 2020.  Doc. #57-1 at 10; *see* Doc. #1-1 at PageID 36.  The charge alleges that Hawkins was removed from her principal position and "replaced by [her] White male co-worker and moved to the District Office," and Willis "offered [her] a position as an Instructional Coach for the upcoming school year (2020-2021) which is a demotion."  Doc. #1-1 at PageID 36.

Two days later, on February 27, 2020, Willis e-mailed Hawkins about the academic coach position, stating he wanted to "recommend [her] for an instructional coach (pending approval of DHA agreement)."  Doc. #57-1 at 11; Doc. #57-3.  At that time, Hawkins did "not decline the position" and "was considering accepting" it but Willis "still had not given [her] the full details of the position."  Doc. #57-1 at 14.

The same day, Hawkins received a "Notice of Non-Renewal as Principal of Sanders

Elementary." *Id.* at 7; Doc. #57-6 at PageID 548. At a May 1, 2020, non-renewal hearing, Willis testified that he "offered [Hawkins] a different position pending approval and pending funding availabilities" but "[a]n official offer was not actually given with a particular name because the names and positions were likely to change. But [he did] know that [he] would have recommended her, pending funding and pending approval of the job description, for a position in curriculum." Doc. #57-5 at 616, 643. When asked at the hearing if the position was "still on the table today," Willis responded that it was not because "a position would have been offered to her … based on funding availability and also job approval" but had not been at that point. *Id.* at 644–45.

Willis could not remember the date he found out about Hawkins' EEOC charge and Hawkins stated he never contacted her rescinding the job offer. Doc. #57-4 at 15–16; Doc. #57-1 at 13. According to Willis, there was not "any type of documentation or any type of information saying that [the position] was ever rescinded" and it was "never" "not taken." Doc. #57-4 at 14. But he could not remember if the position was filled by someone else and did not think that there was a budget for it if Hawkins decided to accept it as of May 26, 2022. *Id.*

## V
## Analysis

The School District argues summary judgment is warranted on both Hawkins' discrimination claim and her retaliation claim. Doc. #58.

> Both discrimination and retaliation claims under Title VII are subject to the *McDonnell Douglas* burden-shifting framework. For either type of claim, this framework requires the plaintiff to establish a prima facie case; the burden then shifts to the defendant to articulate a legitimate reason for the adverse employment action. If the employer provides such a reason, the burden shifts back to the plaintiff to show that the reason is a pretext.

*Jones*, 8 F.4th at 368 (internal citations omitted).

To establish a prima facie case of discrimination, Hawkins must prove:

6

> that [s]he (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021). With respect to a prima facie case of retaliation, Hawkins must show "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 1000 (5th Cir. 2022) (internal quotation marks omitted).

### A. Prima Facie Case

The School District argues that Hawkins cannot show an adverse employment action as required for both her claims because only the School Board could offer her a position, the School Board never approved or offered her the instructional coach position, and "[t]he mere discussion of the possibility of a position is not an adverse employment action." Doc. #58 at 12. With respect to her discrimination claim, the School District also argues that even if Hawkins can show an adverse employment action, she "cannot show others similarly situated were treated any differently than her." *Id.* at 15. With respect to Hawkins' retaliation claim, the School District also argues there is no proof of causation because Willis "reiterated his discussions with [Hawkins] on February 27th, days after she filed her EEOC Charge and there is no proof as to whether and when [he] learned of the EEOC Charge to show causation." *Id.* at 17.

In response, Hawkins points to inconsistencies between Willis' deposition testimony that the offer was never rescinded and his hearing testimony that the offer was no longer on the table

to argue that Willis withdrew the offer in retaliation for the EEOC charge.[5]  Doc. #60 at PageID 581–82.  Hawkins also appears to argue that her November 2019 transfer was a demotion and points to differences in responsibilities between an elementary school principal and a school level curriculum and instruction coach based on job descriptions for each position.[6]  *Id.* at PageID 581.

The School District replies that "(1) there is no proof any offer was ever rescinded – there was only a discussion of a potential position;" (2) even if it was "'offered' Hawkins never accepted the position and ignored the discussion; and (3) Hawkins has no proof as to when Dr. Willis learned of … her EEOC Charge and that this revelation resulted in any adverse employment decision." Doc. #62 at 1.

While Hawkins attempts to establish a factual dispute based on Willis' inconsistent testimony regarding whether the instructional coach offer was rescinded, she wholly fails to address the School District's arguments that (1) only the School Board could offer her a position, (2) she failed to identify a similarly situated comparator who was treated differently, and (3) there is no evidence of when Willis learned of her EEOC charge.  Thus, even if the Court assumed that rescission of the offer amounted to an adverse employment decision, Hawkins failed to identify or provide evidence of someone similarly situated who was treated differently as required to satisfy the fourth prong of her prima facie discrimination case.  *See Owens*, 33 F.4th at 827 (affirming

---

[5] In addition to the arguments in her brief, Hawkins relies on reasons "to be set forth more fully at the hearing of this matter." Doc. #60 at PageID 583.  However, as provided by the Local Rules, "[t]he court will decide motions without a hearing or oral argument unless otherwise ordered by the court."  L.U. Civ. R. 7(b)(6)(A).  The Court sees no necessity for a hearing here, particularly when Hawkins did not request one.

[6] Because the amended complaint does not include any factual allegations related to the November 2019 transfer, claims arising from that event are not properly before the Court.  *See Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021) ("It is well settled in [the Fifth Circuit] that a claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.") (cleaned up).  Even if such claims were properly before the Court, Hawkins has still not identified a comparator who was treated differently as required to establish a prima facie case of discrimination.

8

summary judgment when plaintiff did "not identify comparators" or "produce any evidence whatsoever that these comparators were similarly situated"); *see Melvin v. Barr Roofing Co.*, 806 F. App'x 301, 306 (5th Cir. 2020) ("Because [plaintiff] has not identified a similarly situated comparator, he cannot make out a prima facie case for discrimination."). Consequently, she has not established a prima facie case of discrimination and summary judgment is proper on such claim.

Hawkins also has not established the causation element of her retaliation claim. The Fifth Circuit has "determined that, in order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 434 (5th Cir. 2021). The only arguments and evidence Hawkins presents in response to the motion for summary judgment—beyond the improper hearsay testimony discussed above—address whether Willis rescinded the offer and whether there were differences between the two positions (relative to her attempt to show an adverse employment action). Even if the Court assumed Hawkins suffered an adverse employment action, she fails to provide any competent evidence to show Willis knew of her EEOC charge when he allegedly rescinded the offer or to otherwise connect his actions to the EEOC charge.[7] So summary judgment is proper on the retaliation claim as well.

## B. Legitimate Reason & Pretext

Even if Hawkins established a prima face case on either claim, the School District offers a

---

[7] Under Fifth Circuit precedent, "at the prima facie case stage, a plaintiff can meet his burden of causation simply by showing close enough timing between his protected activity and his adverse employment action." *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 578 (5th Cir. 2020). However, Hawkins fails to argue that the timing (or even the timing alone) is sufficient to establish causation. Even if she had, because "[t]he temporal proximity between [her] protected activity and [the adverse employment action] is relevant to, but not alone sufficient to demonstrate, pretext," *id.*, and as discussed below, Hawkins wholly fails to address the School District's proffered reason for the decision or present any argument as to why it was pretextual, summary judgment would still be proper.

non-discriminatory reason for its decisions—that after Hawkins was "non-renewed [from the principal position] for a multitude of legitimate, non-discriminatory reasons from failing to help special needs students to her inability to follow directives," Willis "felt a better fit for Hawkins was as an instructional coach" but the School Board never approved and offered her such a position. Doc. #58 at 15. Because Hawkins does not cite any evidence—or provide any argument—related to the reason for the decision or whether Willis had authority to offer her the position, she "failed to meet her summary judgment burden of pointing to evidence demonstrating that the legitimate, non-discriminatory reasons proffered by the school district for its actions were pretextual." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020).

**VI**
**Conclusion**

The School District's motion to strike [61] is **GRANTED** so the challenged portion of Hawkins' deposition is **STRICKEN** from the summary judgment record. The School District's motion for summary judgment [57] is **GRANTED**. A final judgment will issue separately.

**SO ORDERED**, this 20th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**